# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WASHINGTON TENNIS & EDUCATION FOUNDATION, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 1:15-cv-02254-APM ) ) |
| CLARK NEXSEN OWEN BARBIERI AND GIBSON, P.C., et al., | ) ) ) |
| Defendants. | ) ) |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The Defendants, Clark Nexsen Owen Barbieri and Gibson, P.C. and Clark Nexsen, Inc., (collectively "CNOBG")[1] jointly by their counsel and pursuant to Fed. R. Civ. P. 56 and this Court's Order dated March 3, 2017, move this Court to grant summary judgment in favor of CNOBG and to dismiss the Complaint with prejudice:

1.  This is an architecture professional malpractice action filed by Washington Tennis & Education Foundation, Inc. ("WTEF") against CNOBG on November 10, 2015, alleging claims for breach of contract (Count I) and a negligence breach of common law duties (Count II).

2.  As set forth more fully in CNOBG's accompanying brief in support, WTEF lacks standing to assert these claims against CNOBG because WTEF assigned all of its right, title and interest in the underlying contract to another entity, Washington Tennis & Education Foundation East Inc. before filing the Complaint.

---

[1] Clark Nexsen Owen Barbieri and Gibson, P.C. changed its name to Clark Nexsen, Inc. in March 2014.

3. As set forth more fully in CNOBG's accompanying brief in support, there is no basis to grant WTEF leave to amend its Complain to create standing where none exists, particularly in light of the procedural history of this case.

4. As set forth more fully in CNOBG's accompanying brief in support, Count II of the Complaint is barred by the economic loss rule because WTEF is demanding damages for economic losses under a tort theory of negligence without having privity of contract with CNOBG.

5. As set forth more fully in CNOBG's accompanying brief in support, all of WTEF's claims against CNOBG are barred by the applicable three-year statute of limitations.

6. As set forth more fully in CNOBG's accompanying brief in support, any damages relating to utility bills at the Facility are unrecoverable under the Architect Agreement's waiver of consequential damages.

7. As set forth more fully in CNOBG's accompanying brief in support and motion in limine, which is incorporated here by reference, WTEF has no admissible expert testimony to present at trial about any breach of the applicable standard of care. Without such evidence, WTEF cannot prevail on its claims against CNOBG.

WHEREFORE, for the foregoing reasons, as set forth more fully in CNOBG's accompanying brief in support, CNOBG moves this Court to grant summary judgment in favor of CNOBG and to dismiss the Complaint with prejudice.

Respectfully submitted,

CLARK NEXSEN OWEN BARBIERI
AND GIBSON, P.C. d.b.a. Clark Nexsen, PC; and

CLARK NEXSEN, INC.

By:_____/s/ James W. Walker_____
Counsel

James W. Walker (DC Bar 495552)
Stephan F. Andrews (DC Bar 497228)
J. Brandon Sieg (admitted *pro hac vice*)
VANDEVENTER BLACK LLP
901 E. Byrd Street, Suite 1600
Richmond, VA 23219
Phone: (804) 237-8800
Fax: (804) 237-8801
jwalker@vanblacklaw.com
sandrews@vanblacklaw.com
bsieg@vanblacklaw.com
*Counsel for Defendants / Counter-Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of April, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following counsel of record:

Patrick O. Daugherty
Jonathan D. Simon
Herman Gessner
Van Ness Feldman LLP
1050 Thomas Jefferson St., NW
Washington, D.C. 20007
Phone: (202) 298-1800
Fax: (202) 338-2416
pod@vnf.com
jxs@vnf.com
hgesser@vnf.com
*Counsel for Plaintiff / Counter-Defendant*

     /s/ James W. Walker

4818-6294-7655, v. 1